```
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
INTEGRATED MARKETING AND PROMOTIONAL    :
SOLUTIONS,                              :
                                        :
                Plaintiff,              :
                                        :
v.                                      :     OPINION & ORDER
                                        :     06 Civ. 5640 (JFK)
                                        :
JEC NUTRITION LLC and KELLY LOCKWOOD,   :
                                        :
                Defendants.             :
-----------------------------------X
```

**JOHN F. KEENAN, United States District Judge**:

Before the Court is Plaintiff Integrated Marketing and Promotional Solutions, Inc.'s ("IMPS") motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel Defendants JEC Nutrition LLC and Kelly Lockwood (collectively, "Defendants") to provide discovery and to award attorneys' fees incurred by IMPS in connection with making this motion. For the reasons that follow, IMPS' motion is granted.

IMPS served Defendants with interrogatories and a request for document production on December 20, 2006. Under Federal Rules 33 and 34, Defendants' response was due within thirty days, or by January 19, 2007. Defendants failed to respond to IMPS' request for discovery. IMPS then sent a letter to Defendants, dated January 26, 2007, in which IMPS alerted Defendants that they had not timely responded to the discovery request and warned Defendants that IMPS would be forced to seek the Court's intervention if Defendants did not respond by February 5, 2007. Defendants remained silent. On February 13,

2007, IMPS sought leave of the Court to make a motion to compel discovery.  Leave was granted and this motion followed.

Defendants concede that they have failed timely to respond to IMPS' requests for discovery and further admit that they have no valid excuse for their failure to respond. According to Myron Milch, Defendants' counsel, Defendants have been preparing their responses to IMPS' request for discovery. Mr. Milch represents that, by March 20, 2007, Defendants will provide IMPS with both answers to interrogatories and "a comprehensive compilation of documents that are responsive to Plaintiff's Document Demand." (Milch Aff. ¶ 5.)  The Court credits Mr. Milch's representation and orders that Defendants respond to IMPS' discovery requests no later than March 23, 2007.

Where, as here, a motion to compel discovery is granted and the movant made a good faith attempt to obtain discovery before seeking the intervention of the Court, the movant is entitled to an award of reasonable attorneys' fees incurred in connection with making the motion to compel discovery. Fed. R. Civ. P. 37(a)(4).  IMPS has applied for an award of $765, as reimbursement for three hours of work expended by IMPS' attorney, Darcelle Gleason, an associate with the firm of McCarter & English, at her hourly rate of $255.

The district court has discretion to determine the amount of an award of attorneys' fees and costs. See Chambers v. NASCO, Inc., 501 U.S. 32, 56-57 (1991).  "The initial estimate of

a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984).  In determining whether an hourly rate is reasonable, courts examine the market rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum, 465 U.S. at 896 n.11).

The Court finds that both the hours expended and the rate charged by Ms. Gleason are reasonable.  Ms. Gleason states that the three hours of work she expended in connection with the instant motion included, among other things, drafting a letter to the Court and drafting, filing, and serving the motion to compel and the letter brief in support thereof. (Gleason Aff. ¶ 10.)  It was not unreasonable for Ms. Gleason to spend three hours to accomplish these tasks.  Ms. Gleason's fee of $255 per hour also is reasonable, as her hourly rate falls well within the range of rates charged by associates at comparable law firms. See Phoenix Four, Inc. v. Strategic Res. Corp., No. 05 Civ. 4837, 2006 U.S. Dist. LEXIS 52402, at *6-7 (S.D.N.Y. Aug. 1, 2006) ("The National Law Journal's Winter 2005 survey of billing rates of the nation's 250 largest law firms lists rates for . . . associates from $ 140 to $ 555.") (citing Firm-By-Firm Sampling of Billing Rates Nationwide, The Nat'l L.J., Dec. 12, 2005, at S2).  In addition, Defendants do not object to the hours submitted by IMPS or to the

rate charged by Ms. Gleason. Thus, an award of $765 as reimbursement for attorneys' fees is warranted.

For the foregoing reasons, the Court orders Defendants to answer IMPS' interrogatories and provide documents in response to IMPS' demand for discovery no later than March 20, 2007. Defendants are further ordered to pay IMPS $765, as an award of reimbursement for reasonable attorneys' fees, within ten days of the entry of this Order.

SO ORDERED.

Dated:     New York, New York
           March 19, 2007

                              _____
                                     JOHN F. KEENAN
                              United States District Judge

4